# United States District Court
## for the Northern District of Oklahoma

Case No. 25-cv-406-JDR-MTS

DANIEL STUDDARD; JANICE STUDDARD,

*Plaintiffs*,

*versus*

STATE FARM FIRE AND CASUALTY COMPANY,

*Defendant*.

## OPINION AND ORDER

Defendant State Farm Fire and Casualty moves to strike or exclude the expert witnesses identified by Plaintiffs Daniel Studdard and Janice Studdard due to the Studdards' failure to timely provide their expert disclosures. The Studdards failed to abide by the expert-disclosure deadline when they submitted their expert witness list on September 14, 2026 [Dkt. 42 at 1], several weeks after the applicable deadline. Dkt. 25 at 2. State Farm also contends that that the Studdards have yet to provide any expert reports, Dkt. 49 at 2, and the Studdards have not presented any evidence to the contrary. The Court concludes that the Studdards' disregard of the Court's deadline is not justified or excused and has prejudiced State Farm. Accordingly, the Court grants State Farm's motion to exclude the Studdards' expert witnesses.

The Federal Rules of Civil Procedure require parties to disclose expert witnesses "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Under Rule 37(c), a party failing to timely provide expert-witness information required by Rule 26(a) may not use that witness to supply evidence "unless the failure was substantially justified or is harmless." Fed.

R. Civ. P. 37(c)(1). District courts have "broad discretion" to determine whether a Rule 26(a) violation is excusable or warrants exclusion. *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 953 (10th Cir. 2002). In making the determination, courts consider (1) prejudice to the other party, (2) the ability to cure that prejudice, (3) whether allowing the evidence would disrupt trial, and (4) the violator's bad faith or willfulness. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999).

The Studdards' disclosure was manifestly untimely. The Court's scheduling order established a July 27, 2026, expert-witness-disclosure deadline. Dkt. 25 at 2. That order also set the deadline to depose all witnesses, including experts, by October 9. *Id.* The Studdards provided an expert-witness list on September 14, seven weeks after the July 27 deadline for expert disclosures. Dkt. 42 at 1. That list, attached as an exhibit to State Farm's motion, provides only a summary of the topics upon which the Studdards' experts plan to testify. Dkt. 42 at 11-12. The list also fails to provide the disclosures required by Rule 26(a)(2)(B), including a complete statement of the experts' opinions, the bases for those opinions, and the facts or data considered in forming them. *See* Fed. R. Civ. P. 26(a)(2)(B)(i)–(vi).

The Studdards blame their untimely disclosure and failure to prepare expert reports on a combination of (1) State Farm's "deficient and obstructive" discovery responses, (2) "other discovery," which they urge is not their fault, and (3) the complexities of multidistrict litigation. Dkt. 46 at 1. The Studdards, however, did not bring these difficulties to the Court's attention until after they missed the expert-disclosure deadline. They have also made no argument that they sought an extension of the disclosure deadline, moved to compel discovery, sought sanctions, or otherwise pursued relief from the Court addressing the concerns that purportedly prevented them from complying with the Court's scheduling order. The Studdards' failure to seek available relief from the Court weighs against finding that their untimely disclosure was substantially justified. See *Tesone v. Empire Marketing Strategies,*

942 F.3d 979, 988–90 (10th Cir. 2019) (emphasizing the importance of exercising diligence in complying with expert-disclosure deadlines).

The Court reminds the Studdards of its admonition to "familiarize themselves with all of the Court's Individual Rules." Dkt. 25 at 3-4. The Court's Individual Rules of Practice put parties on notice that they must promptly meet and confer on discovery disputes because "[i]f a party waits until near the close of discovery to raise an issue that could have been raised earlier, the party is unlikely to be granted the relief that it seeks or more time for discovery." Individual Rules of Practice at 5. The Studdards brush off the failure to serve expert disclosures under Rule 26 as a "(moderately) delayed production of Plaintiffs' expert disclosures." Dkt. 46 at 1. The "disclosures" were neither moderately delayed nor even proper Rule 26 disclosures. The Studdards served the list of experts seven weeks late and without seeking permission to file outside the Court's deadline. Defendant put the Studdards on notice of their failure to disclose experts in a filing on August 17, 2026, four weeks before Plaintiffs served their list of experts. During those four weeks, Plaintiffs did not inform the Court of their discovery complaints that, according to their response, prevented timely disclosures. Dkt. 46 at 4.

The Court further finds that the Studdards' untimely disclosure has prejudiced State Farm: The Studdards submitted their expert-witness list several weeks after the deadline established by the Court's scheduling order, leaving State Farm with less than four weeks to identify rebuttal experts, prepare disclosures, and conduct expert discovery.

The Studdards' untimely responses have also burdened this Court. Dispositive motions are due in this case on November 16, and trial is scheduled for March 8, 2027. Dkt. 25 at 3, 1. Curing the prejudice caused by the Studdards' untimely disclosure would necessitate extending discovery. Doing so would compress the time available for the parties to prepare dispositive motions and would almost certainly interfere with the Court's resolution of those motions, trial preparation, and the scheduled trial.

The Studdards' casual reference to their failure to follow the Court's scheduling order presumes that they will receive additional time to serve proper disclosures, to conduct depositions, to extend the time to file post-discovery motions, and to adjourn the current trial setting. The Studdards go so far as saying that there will be no disruption of the trial and that "the trial date is not sacrosanct" because "the extension of discovery is necessitated." Dkt. 46 at 4-5. The Court reminds the Studdards that the scheduling order in this case is not theirs—it is the Court's. And while the Studdards may believe that the trial date is not so important that it cannot be adjourned to another date, the Court sees otherwise. Neither the Court nor State Farm should bear the additional burdens arising from a modified trial schedule. The Studdards' failure to show diligence in seeking relief from the Court, as well as the prejudice resulting from their delay, support excluding the Studdards' disclosed expert witnesses. *See Gutierrez v. Hackett*, 131 F. App'x 621, 625–26 (10th Cir. 2005) (affirming exclusion of an expert whose report was submitted five months late after considering (1) the prejudice resulting from the untimely disclosure and (2) the inability to cure that prejudice without disrupting the proceedings).

The prejudice to State Farm is amplified by the Studdards' failure to provide the necessary expert reports required for each of their experts. Without expert reports, State Farm cannot meaningfully evaluate the experts' proposed testimony, much less conduct depositions and prepare responsive evidence of its own. The Studdards' list of experts does not come close to providing the six required categories of information listed in Rule 26(a)(2)(B). Even if it had time, Defendant could not adequately rebut Plaintiffs' experts based on the list provided.

The Studdards argue that *Gillum v. United States*, 309 F. App'x 267 (10th Cir. 2009), dictates a different outcome. In *Gillum*, the Tenth Circuit reversed a district court's decision striking expert testimony. *Id.* at 270. But the expert at issue in *Gillum* provided an *inadequate* expert report; that case

did not involve a failure to timely identify the expert witness or to provide a report in compliance with Rule 26. *Id.* at 269 (noting the expert's failure to provide information required by Rule 26(a)(2), such as the expert's reasons for his conclusion and a list of other cases in which the expert had testified as an expert witness.). Thus, in *Gillum*, the government knew the "substance" of the expert's expected testimony and had deposed the expert. *Id.* at 270. Moreover, the plaintiff had already arranged for a second deposition within the discovery period. Any prejudice caused by an incomplete disclosure was capable of being cured within the court's established schedule. By contrast, State Farm has received neither the reports needed to evaluate the experts' proposed testimony nor the benefit of an initial deposition. Indeed, curing the deficiencies in this case—accommodating the Studdards' untimely expert-witness disclosure and failure to provide expert reports—would require more than an additional deposition. It would require full expert discovery outside the discovery schedule and modified trial deadlines.

The Court's scheduling deadlines are not mere suggestions. Justice requires parties to a lawsuit to respect the time and resources of both the Court and the other litigants. For these reasons, State Farm's motion to strike the Studdards' expert witness list is granted. The Studdards' untimely expert witness list is stricken, and the Studdards may not use those experts to supply evidence in this case.

DATED this 9th day of October 2026.

JOHN D. RUSSELL
*United States District Judge*